[Cite as *State ex rel. Nickolas M. Savko & Sons, Inc. v. Perry Twp. Bd. of Trustees*, 2014-Ohio-1181.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Nickolas M. Savko & Sons, Inc. et al., | : | |
| | : | |
| Relators, | | |
| | : | No. 14AP-204 |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Board of Trustees of Perry Township, Franklin County, Ohio et al., | : | |
| | | |
| Respondents. | : | |

D E C I S I O N

Rendered on March 21, 2014

*Gordon P. Shuler; Harland H. Hale*, for relators.

*Brunner Quinn*, and *Jennifer L. Brunner*; *Brosius, Johnson & Griggs, LLC,* and *Kristen L. Martin*, for respondent Perry Township Board of Trustees.

*Ron O'Brien*, Prosecuting Attorney, and *David C. Moser*, Special Delaware County Prosecutor, for respondent Franklin County Board of Elections.

IN PROHIBITION

TYACK, J.

{¶ 1} This action in prohibition was filed in an attempt to compel the Board of Elections of Franklin County, Ohio to remove from the May 2014 ballot an issue on the topic of the designation of a joint economic development zone involving sections of Perry Township in Franklin County, Ohio.

{¶ 2} The theory espoused on behalf of the relators is that the resolutions passed by the Board of Trustees of Perry Township were passed in violation of R.C. 121.22 and are therefore invalid. Relators did not go to the court of common pleas for Franklin

County, Ohio, for an adjudication that the resolutions were and are invalid, but instead first presented their argument to the Board of Elections of Franklin County, Ohio. The Board of Elections did not remove the issue from the ballot, so relators filed this action now before the Tenth District Court of Appeals.

{¶ 3} R.C. 121.22 clearly contemplates that a party who feels that R.C. 121.22 has been violated will file an action in a trial court for an adjudication that the governmental action involved should be declared null. In this case, the resolutions placing the joint economic development zone issue on the ballot should have been questioned in the Franklin County Court of Common Pleas. If that trial court were convinced that R.C. 121.22 had been violated, the trial court could have invalidated or nullified the resolutions. The fact that the resolutions had been declared null could then have been presented to the Franklin County Board of Elections, which would be expected to take the issue off the ballot. At the present time, no such adjudication has occurred. The Board of Elections is not the entity to make such a judgment initially. The common pleas court is the correct entity to seek relief.

{¶ 4} The result of the above is that the issuance of a writ of prohibition is not authorized. Relator had an adequate avenue for relief in the ordinary course of law and did not pursue it. Therefore, a special writ is not appropriate.

{¶ 5} As a result of the above, the petition for a writ of prohibition is denied.

*Writ of prohibition denied.*

KLATT and DORRIAN, JJ., concur.

———————————